

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,473-01

### EX PARTE DARRELL KING JEFFERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1439514-A IN THE 337TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and sentenced to thirty-seven years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Jefferson v. State*, No. 14-14-01024-CR (Tex. App.—Houston [14th Dist.] May 17, 2016) (not designated for publication).

Applicant contends that appellate counsel failed to timely notify him that his conviction had been affirmed and advise him of his right to file a petition for discretionary review. On February 27, 2019, we remanded this application and directed the trial court to order a person at the Texas

Department of Criminal Justice's mail system to respond and state whether Applicant received correspondence from appellate counsel between May 17 and July 13, 2016. *Ex parte Jefferson*, No. WR-89,473-01 (Tex. Crim. App. Feb. 27, 2019) (not designated for publication). We received supplemental findings of fact and conclusions of law from the trial court, but nothing in the supplemental record indicates that the trial court ordered and received a response from the Texas Department of Criminal Justice's mail system. The trial court shall comply with this Court's February 27 order. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After obtaining a response from the Texas Department of Criminal Justice's mail system, the trial court shall make further findings of fact and conclusions of law as to whether Applicant was denied the opportunity to file a petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 21, 2019
Do not publish